UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZURU LLC and ZURU INC.,<br><br>    Petitioners,<br><br>v.<br><br>CBS Broadcasting, Inc.<br><br>    Respondent. | Misc. Case No:<br><br><br><br><br><br>June 26, 2025 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO CBS BROADCASTING, INC.**

Zuru LLC and Zuru Inc. (collectively, "Zuru" or "Petitioners") move pursuant to 35 U.S.C. § 24 and Federal Rule of Civil Procedure 45 to compel CBS Broadcasting, Inc. ("CBS") to comply with a duly issued Subpoena to Testify at an Oral Testimony Deposition and to Produce Documents directed to CBS Broadcasting Inc. (the "Subpoena"). CBS was duly served with the Subpoena and made no timely objection to it. Zuru provided CBS with extensive accommodations to permit compliance with the Subpoena, but CBS has neglected and/or refused to comply with it. For the reasons explained more fully below, the Court should grant this Motion and order CBS to comply with the Subpoena within fourteen (14) days of the Court's order.

### Background

**A. The Subpoena**

On March 25, 2025, Zuru applied to this Court pursuant to 35 U.S.C. § 24 to issue a subpoena for the purpose of securing important testimony and documents in connection with Zuru's trial testimony period in an *inter partes* trademark cancellation proceeding pending before the United States Patent and Trademark Office ("USPTO") Trademark Trial and Appeal Board

{N6076808}

("TTAB") titled *Zuru LLC and Zuru Inc. v. Lego Juris A/S*, Cancellation No. 92075254 (the "Cancellation Proceeding"). Zuru's application for the Subpoena was docketed in this Court as *In re: Zuru LLC and Zuru Inc.*, Civ. No. 7:25-mc-00125-PMH. Zuru's application detailed the background on the parties, the Cancellation Proceeding, subpoena power in *inter partes* TTAB Proceedings, and the reasons and need for the Subpoena. (Application for the Issuance of a Subpoena to Testify at an Oral Testimony Deposition and to Produce Documents Pursuant to 35 U.S.C. § 24 to CBS Broadcasting Inc., attached hereto as Ex. 1.)

On April 3, 2025, this Court ordered "that the Application is GRANTED, and it is further ORDERED that the Clerk of the Court shall execute a copy of the Subpoena to Testify at a Deposition attached as Exhibit A to the Application and provide said executed copy to counsel for the Petitioners, Zuru LLC and Zuru Inc., for service on CBS Broadcasting Inc." (Order, attached hereto as Ex. 2.) Following the Court's Order, on April 4, 2025, Zuru's counsel contacted CBS's counsel as a courtesy to advise CBS that Zuru would be immediately serving the Subpoena upon receipt of the executed Subpoena from the Clerk of the Court.

On April 8, 2025, the Clerk of the Court executed the Subpoena (Subpoena attached to Affidavit of Service, attached hereto as Ex. 3.) On April 11, 2025, Zuru's counsel received the executed Subpoena from the Clerk of the Court. Because the Subpoena had a compliance date of April 18, 2025, Zuru's counsel initiated a rush service at CBS's corporate office at 1515 Broadway and 51 W. 52nd Street, both of which were unsuccessful. Zuru then made service on CBS's registered agent on April 15, 2025. (Affidavit of Service, Ex. 3.)

**B. CBS's Failure to Comply with the Subpoena.**

On April 17, 2025, CBS's counsel contacted Zuru's counsel and acknowledged CBS's receipt of the Subpoena on April 15, 2025 and requested a two-week extension beyond the date

for compliance to provide a formal response. (Email String between Parties' Counsel, attached hereto as Ex. 4.) Zuru's counsel consented to the extension without prejudice. (*Id.*)

On April 21, 2025, CBS's and Zuru's counsel conferred regarding the Subpoena and CBS's anticipated compliance. Part of the discussion included Zuru raising the possibility that CBS's compliance, in the alternative to appearing at a deposition, could include producing the requested records, executing a declaration at the appropriate time providing foundation for the admissibility of the records, and agreeing that CBS would produce its declarant for cross-examination if Zuru's opponent in the Cancellation Proceeding requested it. Zuru proposed this alternative to compliance as a potentially less burdensome option for achieving compliance in a manner that would comply with applicable regulations, rules, and TTAB precedent.

On April 29, 2025, Zuru's counsel followed up with an email to CBS's counsel but received no response. (*Id.*) On May 7, 2025, Zuru's counsel again followed up with an email to CBS's counsel. (*Id.*) On May 13, 2025, CBS's counsel responded:

> [W]e're still running this down. Can you please remind me why the existing declaration isn't sufficient? I recall from our discussion there was some reference to the defendant being unwilling to accept it, but I wanted to follow up on that to make sure I understood. If we, as a non-party, have already fulfilled our obligation by responding to the original subpoena, it's not clear to me why we need to respond again based on an evidentiary dispute between you and the defendant.

(*Id.*)

On May 16, 2025, Zuru's counsel responded:

> To clarify, this is not just an evidentiary dispute. We had hoped that our opponent would stipulate to your prior declaration being admissible, but absent that stipulation, the rules require us to issue a new subpoena for trial testimony. Thus, this is an entirely new trial subpoena that can only be fulfilled by providing trial testimony during the trial testimony period. I have attached the application upon which the district court issued the subpoena that may further address your questions.

(*Id.*)

On May 21, 2025, Zuru's counsel sent CBS's counsel a draft declaration for consideration and asked if CBS's counsel wanted to confer. (*Id.*) CBS's counsel did not respond. On June 3, 2025, Zuru's counsel again followed up with CBS's counsel in an email. (*Id.*) On June 5, 2025, Zuru's counsel left CBS's counsel a voicemail and followed up with an email. (*Id.*)

On June 5, 2024, CBS's counsel took the position, for the first time, that CBS did not need to provide testimony or comply with Zuru's alternative compliance proposal because it had previously executed a declaration in discovery that it considered to be compliance. (*Id.*) Zuru's counsel immediately responded that CBS's position was incorrect that the previous declaration could constitute compliance and pointed to information in its Application for the Subpoena.[1]

Not having heard back from CBS's counsel, on June 9, 2025, Zuru's counsel emailed CBS's counsel to inquire whether the parties had reached a sticking point for which further conferral would be unproductive and requesting to confer on June 10, 2025. (*Id.*) Zuru's counsel and CBS's counsel again conferred on June 11, 2025. Zuru's understanding following the conferral was that CBS would attempt to comply with the subpoena by providing the requested records, executing a declaration, and agreeing to present its declarant for cross-examination if requested, and that CBS would provide an update on June 17, 2025 as to the status of its efforts to comply.

On June 13, 2025, Zuru's counsel emailed CBS's counsel:

> I know you are expecting to provide me with an update by June 17, but I wanted to provide you with a brief but important update on my end. Our opposing counsel stipulated to an extension of our trial testimony period through June 27, which the Board granted. Our opponent has indicated that if we cannot finalize any third party declarations by that date, they will not agree to any further extensions, and that they expect us to move to compel. Let me know if you'd like to discuss.

(*Id.*)

---

[1] Zuru applied for multiple subpoenas from multiple third-parties in connection with the Cancellation Proceeding. Zuru inadvertently attached an application for a subpoena to a third party other than CBS, but the substantive content of that application was not materially different than the application for a subpoena directed to CBS.

CBS's counsel did not provide an update on June 17, 2025. On June 24, 2025, Zuru's counsel emailed CBS's counsel: "Please provide an update. We are rapidly approaching the deadline." (*Id.*) On June 25, 2025, Zuru's counsel again emailed CBS's counsel: "Given the absence of a response on June 17 and yesterday, we are planning to file a motion to compel tomorrow. In the meantime, if there is a way that can be avoided, please let us know." (*Id.*)

CBS's counsel responded by requesting to respond on Friday, June 27, 2025 due to commitments on June 25, and June 26. (*Id.*) Zuru's counsel responded by noting that Zuru needed to be in a position to file an executed declaration by Friday, and that it would have to file a motion to compel on June 26 absent a plan for doing so. (*Id.*)

## Argument

### A. The Court has the power to compel CBS's compliance with the Subpoena under 35 U.S.C. § 24 and Federal Rule of Civil Procedure 45.

Because the Clerk of the Court executed and issued the Subpoena pursuant to Zuru's application under 35 U.S.C. § 24, this Court is authorized to enforce obedience to the Subpoena under that section. 35 U.S.C. § 24 ("A judge of a court whose clerk issued a subpoena may enforce obedience to the process or punish disobedience as in other like cases, on proof that a witness, served with such subpoena, neglected or refused to appear or to testify. . . ."). Because the Subpoena was issued in connection with a contested case in the USPTO, Federal Rule of Civil Procedure 45 governs the procedure for enforcing compliance with the Subpoena. *Id.* ("The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office.").

### B. CBS has waived any objections to the Subpoena.

To the extent a subpoena requests production of documents, any "objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Here, the date for compliance in the Subpoena was April 18, 2025. Zuru agreed to extend that date by two weeks. CBS did not serve any objection within two weeks of April 18, 2025, and therefore the Court should conclude that CBS waived any objections it had.

### C. Even if CBS did not waive its objections, they are meritless, and the Court should compel CBS's compliance.

To the extent that CBS did not waive its objections, its only stated objection was that "the subpoena is duplicative, unduly burdensome and seeks materials that are either publicly available or more easily attainable through other sources." (Ex. 4.) None of the objections have merit.

*1. The Subpoena is not duplicative.*

As Zuru explained in its application, Zuru previously obtained a subpoena during the discovery period of the Cancellation Proceeding directed to CBS, and obtained a declaration and documents from CBS pursuant to that prior subpoena. The current Subpoena that is in dispute, although it seeks substantially the same information that CBS provided (which demonstrates that it is not remotely burdensome to CBS), is for the purpose of obtaining *trial testimony* in the Cancellation Proceeding.

Just as in this Court, information obtained in discovery in TTAB proceedings is not the same thing as trial testimony in TTAB proceedings. TTAB proceedings are governed by the Federal Rules of Civil Procedure (just like a district court) as supplemented or modified by the Trademark Rules in Title 37, Part 2, of the Code of Federal Regulations, the Trademark Board Manual of Procedure ("TBMP"), and binding Federal Circuit and TTAB precedents. Consistent

with the applicable rules, regulations, interpretive guidance, and precedents, Zuru has currently subpoenaed CBS to provide documents and testimony in the trial testimony period of this proceeding, which is *the trial*. *See, e.g.*, 37 C.F.R. § 2.116 (e) ("The submission of notices of reliance, declarations and affidavits, as well as the taking of depositions, during the assigned testimony periods correspond to the trial in court proceedings."); TBMP § 701 ("In Board inter partes proceedings, the submission of evidence and testimony during the parties' assigned testimony periods corresponds to the trial in court proceedings."); MISCELLANEOUS CHANGES TO TRADEMARK TRIAL AND APPEAL BOARD RULES, 81 Fed. Reg. 69950, 69959 (October 7, 2016) ("The Office is amending § 2.116(e) to add that the submission of notices of reliance, declarations, and affidavits, as well as the taking of depositions, during the testimony period corresponds to the trial in court proceedings. The revision codifies current Office practice and is consistent with amendments relating to declarations and affidavits."); *Yamaha International Corp. v. Hoshino Gakki Co.*, 840 F.2d 1572, (Fed. Cir. 1988) (Board proceedings approximate the proceedings in a courtroom trial); *Time Warner Entertainment Co. v. Jones*, 65 USPQ2d 1650, 1657 (TTAB 2002) (trial in a Board proceeding takes place during the testimony periods).

In addition, as Zuru explained in its application for the Subpoena, the Subpoena was necessary to introduce the evidence Zuru obtained in discovery. Absent a stipulation of the parties to the Cancellation Proceeding approved by the TTAB, or other order of the TTAB, the Trademark Rules of Practice preclude trial testimony from being taken or evidence being presented "except during the times assigned." 37 C.F.R. § 2.121(a). The TTAB interprets this rule to mean: "Absent a stipulation or Board order, a testimony affidavit or declaration must be taken—that is, executed—during the assigned testimony period, as required by Rule 2.121(a)."

*Robinson v. Hot Grabba Leaf*, LLC, Cancellation No. 9206039, 2019 WL 1915759, at *4 (T.T.A.B. Apr. 25, 2019) (precedential). Accordingly, the TTAB may exclude declarations executed outside a party's trial testimony period. *See, e.g.*, *eSpotify AB v. U.S. Software, Inc.*, 2022 WL 110251, at *3 (T.T.A.B. Jan. 10, 2022) (precedential) (sustaining objection to declaration executed more than one year prior to trial); *see also generally* TBMP § 703.01(c) n.1. Moreover, when submitting a declaration as testimony during a trial testimony period, the party submitting the declaration must make the declarant available for cross-examination at the election of the adverse party. *See* 37 C.F.R. § 2.123(a)(1).

Because Zuru's adversary in the Cancellation Proceeding refused to stipulate (unreasonably in Zuru's view) to introduction of declarations and evidence obtained from third parties in discovery outside the trial testimony period, Zuru had no choice but apply for the Subpoena directed to CBS to obtain trial testimony and to introduce relevant records during Zuru's testimony period. Further, even if Zuru had submitted the declaration it previously obtained from CBS in the hope that its adversary would not object based on the timing of the execution of the declaration, Zuru would have been required to present CBS's witness for cross examination on the declaration on the election of Zuru's adversary, but Zuru would have had no power to compel CBS in the absence of a subpoena, jeopardizing the admissibility of Zuru's evidence. As if to prove the justification for Zuru's concerns in this regard, Zuru's understanding is that CBS's prior declarant, Calvin Trinidad, is no longer an employee of CBS. Accordingly, the Subpoena does not seek duplicative information and was necessary for Zuru to present its case in the trial of the Cancellation Proceeding fully and fairly.

2. *The Subpoena is not burdensome.*

As mentioned above, Zuru seeks pursuant to the Subpoena the same or substantially similar records and testimony from CBS that CBS previously provided in connection with a

declaration from Calvin Trinidad, a previous employee of CBS. Thus, the records and testimony that Zuru seeks are known to be in CBS's custody, possession, and control. Moreover, Zuru has offered to CBS as an alternative to providing oral trial testimony in a testimony deposition that CBS provide a declaration subject to an agreement that CBS would make its witness available for cross examination. Thus, the burden on CBS is limited, and Zuru has taken all steps it reasonably could to limit the burden within the confines of the rules and regulations of the Cancellation Proceeding.

> 3. *The Subpoena does not seek materials that are publicly available or more easily attainable through other sources.*

Because CBS never explained this objection to Zuru, Zuru does not know what CBS's basis is for claiming that the information that CBS provided previously is publicly available or easily attainable from some other source. Even if that were true, CBS has never explained to Zuru what the "more easily attainable" source is or was. What Zuru does know, however, is that CBS designated pursuant to the TTAB Protective Order the declaration and records it previously provided to Zuru as "Confidential—For Attorney's Eyes Only." Thus, CBS's objection lacks merit.

## Conclusion

In sum, CBS was duly served with the Subpoena, failed to timely object to the Subpoena, to the extent it objected and its objections are not waived, they are meritless, and CBS has not complied with the Subpoena. Accordingly, the Court should grant this Motion and order CBS to comply with the Subpoena within fourteen (14) days of the Court's order.

Respectfully submitted,

Date: June 26, 2025                                    ZURU INC. and ZURU LLC

                                                         By:   /s/ Damian K. Gunningsmith
                                                                 John R. Horvack, Jr. (JH8991)
                                                                 Fatima Lahnin (FL0701)
                                                                  Damian K. Gunningsmith (DG0125)
                                                                 CARMODY TORRANCE SANDAK &
                                                                 HENNESSEY LLP
                                                                 195 Church Street, 18th Floor
                                                                 New Haven, CT  06509
                                                                 Tel: 203-777-5501
                                                                 Fax: 203-784-3199
                                                                 jhorvackjr@carmodylaw.com
                                                                 flahnin@carmodylaw.com
                                                                 dgunningsmith@carmodylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June 2025 the foregoing Memorandum of Law in Support of Motion to Compel Compliance with Subpoena Directed to CBS Broadcasting, Inc. was served by email and mail to the following counsel:

Joseph F. Richburg
SVP & Associate General Counsel, Litigation
Paramount Global
1515 Broadway
New York, New York 10036-8901
joseph.richburg@paramount.com

*Counsel to CBS Broadcasting, Inc.*

/s/ Damian K. Gunningsmith
Damian K. Gunningsmith